IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**VICTOR GONZALEZ-LASALLE,**
**Petitioner**

**v.**                                                                  **CIVIL NO. 05-1682(DRD)**

**UNITED STATES OF AMERICA,**
**Respondent**

**OPINION AND ORDER**

Pending before the Court is petitioner, Victor Gonzalez-Lasalle's *Motion to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. 2255, <u>Blakely v. Washington</u>, 542 U.S. __ (06/24/2004) and <u>Dodd v. United States</u>, 545 U.S. __ (06/20/2005)*(Docket No. 1). Besides citing the jurisprudence serving as foundation for its §2255 petition, petitioner has failed to develop any argument in support of its position nor has provided a factual nor legal backbone to its request.

After referring the matter to Magistrate Judge Gustavo A. Gelpi, an accurate Report and Recommendation (R&R) was issued (Docket No. 7). Magistrate Judge Gelpi recommended that petitioner's §2255 petition be denied on several grounds, to wit, that the §2255 petition was time barred by almost two years late, and because the First Circuit Court has ruled that §2255 petitions are not available to advance *Booker* claims. The R&R clearly stated that petitioner had ten (10) days to file any objections thereto and that failure to object within the deadline provided would preclude further appellate review of those issues. The ten (10) days provided by the Court to file the objections have elapsed without any objections being filed and **to date, the R & R is still unopposed.** Thus, for the reasons stated below, the Court accepts and **ADOPTS** *in toto* the Magistrate's unopposed R & R. Therefore, the Court hereby **DENIES** the petitioner's request.

A District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 72(a), Local Civil Rules, District of Puerto Rico. See *Mathews v. Weber*, 423 U.S. 261 (1976). Of course, as a general rule, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Civil Rule 72(d); Fed. R. Civ. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). See also *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally *United States v. Valencia*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the R & R have been filed in this case. Notwithstanding, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept **an unopposed R & R**. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

The factual background shows that on November 21, 2002, petitioner plead guilty to Count (1) of the Second Superseding Indictment (CR-99-315, Docket No. 1387), and sentence was imposed on February 27, 2003 (CR-99-315, Docket No. 1421).[1] The Docket Sheet reveals that petitioner never moved for a direct appeal of the sentence imposed. Rather, petitioner moved for the instant habeas petition.

The Court agrees with the recommendation provided by Magistrate Judge Gelpi that the instant case is time barred. The Court explains. In the instant case plaintiff's did not file an appeal after judgment was entered on February 27, 2003. Hence, pursuant to Rule 4(b)(1)(i), Fed.R.App.P., the ten (10) days provided by the Rule to file the Notice of Appeal expired on March 13, 2003. Even further, should plaintiff had moved for an extension of time of thirty (30) days to file the Notice of

---

[1] In its response to petitioner's §2255 request, the Government points to the fact that on August 16, 2005, petitioner was released from prison after serving his sentence.

Appeal in compliance with Rule 4(b)(4), Fed.R.App.P., the deadline to file said motion would have been April 14, 2003. The petitioner made his first appearance on June 24, 2005, requesting this Court to vacate said sentence (Docket No. 1, Civil No. 05-1682). That §2255 petition was filed more than two years past the deadline which, as stated before, expired on March 13, 2003. Thus, the instant §2255 petition is time-barred. Furthermore, there are three enumerated possible extension of time to the one year limitations period applicable to the instant case. None apply. The §2255 petition lacks any allegation that the government imposed an impediment to timely filing the petition; the current §2255 claim does not rely on newly discovered evidence and no newly recognized right has been provided retroactive application by the Supreme Court. *See* 28 U.S.C. §2255.[2]

In the instant case petitioner raises, although in perfunctory manner, that *Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478 (2005) is applicable to the instant case. At the outset, the Court must note that *Dodd* was decided six months after the Supreme Court decided *Booker*.[3] *Brent v. U.S.*, No. 3:06CV7015, 2006 WL 1272591 (N.D. Ohio, May 9, 2006). Secondly, the instant §2255 petition is a first or initial habeas while *Dodd* addressed the issues of filing second or successive §2255 petitions and its interplay with the one 1-year time limit to file said §2255 petition. However, it is the long standing precedent in this Circuit that legal arguments alluded to in a perfunctory manner but unaccompanied by a developed argumentation, are deemed abandoned. *U.S. v. Casas*, 425 F.3d 23, 30 (1st Cir. 2005); *U.S. v. Ramirez-Ferrer*, 1995 WL 237041, (1st Cir. Puerto Rico 1995); *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). Further, "it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones". *U.S. v. Zannino*, 895 F.2d at 17. After all, "[J]udges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments square and distinctly,' or else forever hold its peace". *Id.*, citing *Rivera de Gomez v. Castro*, 843 F.2d 631, 635 (1st Cir. 1988)(quoting *Patterson-Leitch Co. v. Massachusets Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)); *Muñiz v. Rovira-Martino*, No. 05-2618, 2006 WL 1703812 (1st Cir. June 22, 2006)(citing *American Cyanamid Co. v. Capuano*, 381 F.3d 6, 18 (1st Cir. 2004).

---

[2] §2255 ¶6, provides that:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] *United States v. Booker*, 543 U.S. 200 (2005).

Precisely, this is what petitioner has attempted in the instant *habeas* proceeding. Plaintiff has failed to present an argument as to the applicability of *Blakely*[4] and *Booker* to the instant §2255 petition. Notwithstanding, the Court is barred from developing an argument as to the relevancy of potentially applicable jurisprudence when plaintiff fails in developing a cogent argument based on a sufficiency of facts. *U.S. v. Zannino*, 895 F.2d at 17. Consequently, the challenge made by petitioner as to the applicability of *Blakely* and *Booker* moving the Court to rule is deemed abandoned hence petitioner's request as to this argument is **DENIED**.

Notwithstanding, petitioner is advised that in this Circuit, the rights recognized in *Apprendi*[5], *Blakely* and *Booker* have not been made retroactive on collateral review.[6] Consequently, the rule established in *Dodd* that "[p]aragraph 6(3) identifies one date and one date only as the date from which the one 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court'", 125 S.Ct. at 2482, is inapplicable to the petitioner's factual scenario since there is no new right recognized by the Supreme Court nor it has been made retroactively applicable to cases on collateral review.[7]

Therefore, for the reasons stated herein, the Court hereby **ADOPTS** *in toto* the Magistrate's unopposed R & R (Docket No. 7) and **DENIES** petitioner's *Motion to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. 2255, Blakely v. Washington, 542 U.S. __ (06/24/2004)*

---

[4] *Blakey v. Washington*, 542 U.S. 296 (2004).

[5] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[6] *Apprendi* arguments are not retroactive on collateral proceedings nor is to be retroactively applied (See *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000)(stating that "it is clear that the Supreme Court has not made the [Apprendi] rule retroactive to cases on collateral review)); *Blakely* and *Booker* are not retroactive. See *McReynolds v. U.S.*, 397 F.3d 479 (7th Cir. 2005)(*Booker* does not apply retroactively to criminal cases that became final before its release); *U.S. v. Fraser*, 407 F.3d 9 (1st Cir. 2005)(petitions under §2255 are unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive since this would provide an avenue to escape restrictions Congress has imposed on habeas review); *Cirilo-Muñoz v. U.S.*, 404 F.3d 527, 533 (1st Cir. 2005); Since *Apprendi* is not to be applied retroactively, comparable *Blakely*-like claims run the same fate. *Cirilo-Muñoz v. U.S.*, 404 F.3d at 533.

[7] Finally the Court notes that the defendant failed to timely preserve any *Apprendi* argument at the plea agreement hence he failed to properly preserve *Apprendi* issues. See *U.S. v. Ortiz-Torres, et al.*, Nos. 03-2456, 03-2458, 03-2534, 03-2572, and 04-1871, 2006 WL 1452683, P.13-14 (1st Cir., May 26, 2006)("A defendant preserves *Booker* error by arguing **to the district court** that it erred under either *Apprendi* or *Blakely* or arguing that the Guidelines were unconstitutional. *United States v. McLean*, 409 F.3d 492, 505 (1st Cir. 2005)(quoting *Antonakopoulos*, 399 F.3d at 76), *cert. denied*, __ U.S. __, 126 S.Ct. 466, 163 L.Ed.2d 354 (2005). ... Under that standard, a defendant must show four things: (1) that an error occurred, (2) that the error was clear or obvious, (3) that it affected substantial rights, and (4) that the error seriously impaired the fairness, integrity, or public reputation of judicial proceedings. *Antonakopoulos*, 399 F.3d at 75 (citing *United States v. Olano*, 507 U.S. 725, 732-736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) ". (Emphasis added.) Other cited jurisprudence decided by the Supreme Court after the plea agreement occurred wherein petitioner hangs his hat, *Blakely/Booker* are not retroactive in nature. See *infra*, note 6.

and *Dodd v. United States, 545 U.S. __ (06/20/2005)*(Docket No. 1).  Petitioner's claims are hereby **DISMISSED WITH PREJUDICE**.  **Judgment** shall be entered.  This case is **CLOSED** for all administrative and statistical purposes.

      **IT IS SO ORDERED.**

In San Juan, Puerto Rico this 10th day of July 2006.

                                              **S/DANIEL R. DOMINGUEZ**
                                              **DANIEL R. DOMINGUEZ**
                                              **U.S. DISTRICT JUDGE**